IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2254-D

| | | |
|---|---|---|
| MARLON J. GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 27, 2011, Marlon J. Green ("Green" or "petitioner"), a federal pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Green seeks leave to proceed in forma pauperis [D.E. 2]. On March 6, 2012, Green filed a motion to summon witnesses [D.E. 3] and a motion to dismiss the indictment against him [D.E. 3-1]. On March 19, 2012, in response to an order signed by Magistrate Judge William A. Webb [D.E. 4], Green refiled the motion to summon witnesses [D.E. 5]. On April 6, 2012, Green filed a motion for a temporary restraining order [D.E. 6] and a motion to amend his petition [D.E. 7]. The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243. For the reasons explained below, the court dismisses the petition.

"A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or, . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) . . . ." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Green's petition is subject

to a preliminary review pursuant to 28 U.S.C. § 2243, no respondent has been served. Accordingly, Green's motion for leave to amend his petition is granted. The court reviews all of Green's filings together to determine whether Green has stated a claim on which relief can be granted.

Green's petition and additional materials challenge pending federal criminal and civil proceedings against him in the Eastern District of Louisiana, including a determination that he should be temporarily committed to the custody of the Attorney General and involuntarily medicated pursuant to Sell v. United States, 539 U.S. 166 (2003), and 18 U.S.C. § 4241(d). Pet. [D.E. 1] 1–6. Green is in custody pursuant to a criminal indictment filed against him in United States v. Green, No. 2:11-CR-143-ILRL-SS-1, [D.E. 9] (E.D. La.), which charges him with sending threatening communications in violation of 18 U.S.C. § 875. See, e.g., id. [D.E. 6] 1. In that case, on June 17, 2011, Green filed a motion for a psychiatric examination to determine his competency to stand trial and his competency at the time of the alleged offense, which the court granted on June 20, 2011. Id., [D.E. 13, 15]. On April 13, 2012, the government filed a motion to involuntarily treat Green with antipsychotic medication in order to restore his competency to stand trial, which the court granted on May 31, 2012. See id., [D.E. 51, 56, 61]. On June 7, 2012, Green filed a notice of appeal and a motion to stay pending appeal. Id., [D.E. 63–64].

A petition for a writ of habeas corpus allows the petitioner to challenge the fact, length, or conditions of custody and to seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). A pretrial detainee may file a habeas corpus petition pursuant to section 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, to be eligible for habeas corpus relief under section 2241, a federal pretrial detainee must first exhaust other available remedies. See Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be

2

followed and habeas corpus should not be granted in advance of a trial."); see also Riggins v. United States, 199 U.S. 547, 550–51 (1905); Fassler v. United States, 858 F.2d 1016, 1018–19 (5th Cir. 1988) (per curiam); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); Kotmair v. United States, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001). Likewise, civilly-committed detainees must exhaust all available remedies before pursuing relief under section 2241. See Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010); Avila–Sifuentes v. U.S. Dist. Court, No. EP–10–CV–33–KC, 2010 WL 456923, at *1 (W.D. Tex. Feb.2, 2010) (unpublished); Gonzalez v. United States, No. 09–CV–2184–BNB, 2009 WL 4110276, at *1–2 (D. Colo. Nov. 24, 2009) (unpublished); Clark v. Revel, No. CIV–09–228–M, 2009 WL 763487, at *2 (W.D. Okla. Mar. 19, 2009) (unpublished); Meyers v. United States, No. 3:08CV10, 2008 WL 4265167, at *1 (E.D. Va. Sept. 12, 2008) (unpublished). Green has not exhausted available remedies. Accordingly, the court dismisses Green's petition without prejudice.

Alternatively, federal law permits civil commitment pursuant to procedures that ensure that such confinement is both limited in duration and reasonably related to the purpose for which the detainee is confined. See 18 U.S.C. § 4241; see also United States v. Strong, 489 F.3d 1055, 1062–63 (9th Cir. 2007) (collecting cases); United States v. Kokoski, No. 94–5700, 1996 WL 181482, at *3–4 (4th Cir. Apr. 17, 1996) (per curiam) (unpublished). Because the statutory requirements for civil commitment were satisfied, Green's involuntary commitment under section 4241 did not violate his due process rights. See, e.g., Strong, 489 F.3d at 1062–63; United States v. Filippi, 211 F.3d 649, 651–52 (1st Cir. 2000). Accordingly, even if Green had exhausted available remedies, Green could not obtain relief under section 2241. Thus, the court dismisses the Green's petition without prejudice.

As for Green's motion for a temporary restraining order, Green asserts misconduct "amounting to the usurpation of the judicial power" by the Attorney General of the United States and the Director of the Bureau of Prisons concerning Green's "right to challenge the alleged 'statute' 18 U.S.C. § 875(c)" and "submits [that] the appropriate judicial action would be to issue a [t]emporary [r]estraining [o]rder, and to order [r]espondent(s) to cease and desist all actions which constitute fraud, criminal behavior[,] and retaliation . . . ." Mot. [D.E. 6] 1–2. Green's allegations are best resolved in his pending criminal case. Williams v. Warden-Cent. Detention Facility, 538 F. Supp. 2d 74, 77 (D.D.C. 2008); see Williams v. Hackman, 364 F. App'x 268, 268 (7th Cir. 2010) (per curiam) (unpublished); In re Williams, 306 F. App'x 818, 819 (4th Cir. 2009) (per curiam) (unpublished).

In sum, the court GRANTS Green's motion to amend [D.E. 7], DENIES Green's motions to order witnesses and for a temporary restraining order [D.E. 3, 6] and DISMISSES without prejudice Green's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 21 day of June 2012.

JAMES C. DEVER III
Chief United States District Judge

4